Henry W. ALBERS, Appellant,

v.

Thomas TOWNES et al., Appellees.

Court of Appeals of Kentucky.

Nov. 26, 1975.

Rehearing Denied March 5, 1976.

James F. Clay, Sr., Clay & Clay, Danville, for appellant.

Merle C. Clark, Rodes & Clark, Danville, for appellees.

JONES, Justice.

This litigation arises out of an action by Thomas Townes and others to enjoin the practice of dentistry by Dr. Henry W. Albers on the residential property owned by his wife, Jane Albers. The basis of the suit is an alleged violation of deed restrictions.

The residential properties are located in Argyll Subdivision near Danville, Kentucky. The pertinent restrictive covenants on the Albers lot as well as all other lots in Argyll are:

"(1) All lots in Argyll Subdivision shall be used solely and exclusively for single-family residential purposes. No more than one residential unit shall be erected on each building lot.

"(17) Any lot owner may enforce the restrictions by appropriate legal procedure."

Dr. Albers answered the complaint with a general denial and raised the defenses of laches and estoppel.

Townes and other appellees moved for summary judgment. After a hearing on the merits, the trial court sustained the motion and judgment was entered on March 12, 1974. The summary judgment contained a permanent injunction, worded as follows:

"It is therefore, ordered and adjudged: that the defendant, Henry Albers, is hereby permanently enjoined from using his residence in Argyll Subdivision as a place to carry on the practice of dentistry, and is permanently restrained and enjoined from all acts done in the furtherance of and in relation to the practice of dentistry at his residence."

There was no appeal from that judgment.

Dr. Albers ignored the injunction and continued the practice of dentistry in Argyll Subdivision.

Townes and other appellees filed a motion to require Dr. Albers to show cause why he should not be held in contempt for violation of the court's clear and concise order.

On December 17, 1974, Dr. Albers was adjudged in contempt and attorneys' fees in the sum of $150.00 were directed to be paid Townes' attorneys. On December 21, 1974, Dr. Albers appeared with counsel and the trial court fixed his punishment at a fine of $350.00 [1] and directed that he be confined in the county jail for a period of six months.

From that judgment, Dr. Albers instituted this appeal. He alleges numerous errors of the trial court. However, only one of these has been preserved for appellate review. Dr. Albers contends that he was entitled to a jury trial. The other alleged errors were not presented to the trial court.

■ Dr. Albers' contention that he was entitled to a jury trial is totally without merit. This court has established with clarity guidelines in contempt proceedings. The court held that when the existence or nonexistence of a contempt, civil or criminal, requires the resolution of a factual issue, the trial court may resolve that issue. This, of course, must be based upon a hearing in which the offender is afforded a fair opportunity to present a defense. The trial court may not impose a fine greater than $500.00 and incarceration for more than six months except upon the unanimous verdict of a jury. See *Miller v. Vettiner*, Ky., 481 S.W.2d 32 (1972).

■ At the sentencing on December 21, 1974, Dr. Albers' defense was that the restrictive covenant did not apply to him because he is a "stranger in title." Dr. Albers' contention was premised on the theory that since the property belonged to his wife,

the injunction did not apply to him. The wife of Dr. Albers is a party to this action. As her husband, Dr. Albers has a right to curtesy in the residence occupied by both of them.

Despite the allegations in Dr. Albers' brief that the summary imposition of a harsh and exclusively punitive sentence, even if the injunction was valid, was arbitrary, tyrannical, and unconstitutional, the record refutes such allegation.

The trial court has been compassionate with Dr. Albers. He granted Dr. Albers ample opportunity to comply with the judgment. Because of Dr. Albers' physical condition, the trial court suspended until May 1975 the part of the judgment that provided incarceration in prison. This was done so that Dr. Albers could spend the winter in Florida.

Dr. Albers' flagrant violation of the injunction indicates that he feels that he is exempt from any duty to obey the order of the court.

■ Since Dr. Albers had been afforded every opportunity to present any defenses to the trial court at the hearing, it was not error on the part of the trial court to determine the factual issues and impose the sentence.

The judgment is affirmed.

All concur.

---

1. In the brief of Dr. Albers it is stated: "This appeal is from a judgment imposing a fine of $500.00 and a jail sentence of six months." Apparently counsel for Dr. Albers considered the $150.00 awarded Townes et al., to be a part of the fine.